2016 ND 219

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Julie L. BRUGGEMAN, a Member of the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner and Appellant**

v.

**Julie L. Bruggeman, Respondent and Appellee.**

**No. 20160337.**

Supreme Court of North Dakota.

Nov. 29, 2016.

REPRIMAND ORDERED.

PER CURIAM.

[¶ 1] The Court has before it a Stipulation, Consent to Discipline and Recommendation of a hearing panel of the Disciplinary Board recommending that Julie L. Bruggeman be reprimanded and that she pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. Bruggeman also agreed she be on probation until she purges her contempt of court in case number 08–2014–CV–00639. We accept the stipulation, consent to discipline and recommendations.

[¶ 2] Bruggeman was admitted to practice law in North Dakota on April 23, 2012. She has been licensed since that time.

[¶ 3] Bruggeman was served a summons and petition for discipline on May 16, 2016. On June 6, 2016, Bruggeman filed a response to the petition. Disciplinary Counsel and Bruggeman entered into a stipulation and consent to discipline. A hearing panel of the Disciplinary Board filed the stipulation, consent to discipline and recommendations with this Court on October 4, 2016.

[¶ 4] In the stipulated facts and conclusions, Bruggeman admitted the following facts. On November 22, 2013, Bruggeman was retained to represent a client in a contract collection matter in Burleigh County, North Dakota. From December 2014 to June 2015, Bruggeman had minimal communication with the client. Bruggeman did not notify the client of a scheduling order setting trial for September 29, 2015.

[¶ 5] In June 2015, another attorney hired by the client contacted Bruggeman about her representation. On July 7, 2015, Bruggeman provided her file to the other attorney. Bruggeman closed her file on July 7, 2015, without direction from the client. Bruggeman had no further contact with the client. She took no actions on the client's behalf, she did not prepare or forward a substitution of counsel for the other attorney, and she did not notify the client to inform him of her termination of representation.

[¶ 6] On September 15, 2015, the court contacted Bruggeman to discuss the trial. On September 16, 2015, Bruggeman moved to withdraw as counsel. She did not serve the client with the motion. The court did not rule on the motion because there was no evidence it was served on the client. On September 28, 2015, the court informed Bruggeman she was counsel of record, and she was to be present with the client at trial the next day.

[¶ 7] Bruggeman did not attend the trial. On September 29, 2015, the client was informed by a third party that his trial was occurring. The client had to hire emergency counsel for the trial. The client was unsuccessful and was ordered to pay the opposing party.

[¶ 8] The court found Bruggeman in contempt of court in November 2015, and ordered her to pay the client $3,419 to purge the contempt. She is making payments and is compliant with the order.

[¶ 9] Bruggeman admitted that she violated N.D.R. Prof. Conduct 1.3, Diligence, by failing to secure needed documents and neglecting to appear for court proceedings after she was instructed to do so by the court, and in doing so, injuring her client; N.D.R. Prof. Conduct 1.4, Communication, by failing to communicate with the client, failing to consult with the client on significant events, and negligence regarding informing the client of the determinations of the court; and N.D.R. Prof. Conduct 1.16, Declining or Terminating Representation, by failing to sufficiently, properly and successfully withdraw as counsel through September 2015 and failing to ensure the client's interests were not harmed.

[¶ 10] Bruggeman admitted N.D. Stds. Imposing Lawyer Sanctions 4.0 applies, and that suspension is generally appropriate when a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. However, after reviewing and weighing the applicable aggravating and mitigating factors, Bruggeman and the hearing panel agreed that the appropriate sanction is a reprimand by this Court. Bruggeman agreed she be on probation until her contempt of court in Burleigh County case 08–2014–CV–00639 is purged according to the terms in the contempt order. Bruggeman will submit an affidavit, with supporting documentation, to the Office of Disciplinary Counsel showing such terms have been met and purge has occurred. Bruggeman also agreed to pay $250 for the costs and expenses for the disciplinary proceedings.

[¶ 11] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed. The Court considered the matter, and

[¶ 12] **ORDERED,** that the stipulation, consent to discipline, and recommendations of the hearing panel filed on October 4, 2016, are accepted, and Julie L. Bruggeman is **REPRIMANDED.**

[¶ 13] **IT IS FURTHER ORDERED,** that, effective upon entry of the judgment in this matter, Bruggeman is on probation until her contempt of court in Burleigh County case 08–2014–CV–00639 is purged according to the terms in the contempt order. Bruggeman will submit an affidavit, with supporting documentation, to the Office of Disciplinary Counsel showing such terms have been met and purge has occurred.

[¶ 14] **IT IS FURTHER ORDERED,** that Bruggeman pay the costs and expenses of these disciplinary proceedings in the amount of $250 within 30 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 15]  GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.